# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIGITTE RUCKER<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY<br><br>Defendant. | Civil Action No.: 11-cv-5226 (CCC)<br><br>**OPINION and ORDER** |

This matter comes before the Court on Plaintiff Brigitte Rucker's Motion for Attorney's fees under § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1) in the amount of $17,974.50. Defendant Commissioner of Social Security (the "Commissioner") opposes Plaintiff's motion. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. The Court has carefully considered the parties' submissions and, for the reasons set forth below, grants Plaintiff's motion.

**I.      BACKGROUND**

On September 12, 2011, Plaintiff filed for Disability Insurance Benefits and Supplemental Security Income Benefits ("SSI Benefits") under the Social Security Act, alleging that she was disabled as of April 1, 2004 due to the effects of numerous physical ailments. (Pl's Br. at 2, ECF No. 12). Plaintiff's application was initially denied. (Id. at 1-2). Thereafter, Plaintiff requested reconsideration and a hearing before an Administrative Law Judge ("ALJ"). On December 10, 2007 the ALJ issued a decision finding Plaintiff was not disabled. (Id. at 2). On June 18, 2008 the Appeals Council remanded the matter for a new hearing before the ALJ. On March 3, 2009, the ALJ issued a decision unfavorable to Plaintiff again finding she was not disabled. (Id.) Plaintiff's subsequent request for review by the Appeals Council was denied on August 4, 2011. (Id.)

Thereafter, Plaintiff commenced this action seeking review of the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c).

On June 26, 2012, this Court issued an order granting Plaintiff's request for remand. (ECF No. 14). On July 25, 2012, Plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), to recoup reasonable attorney's fees for the services rendered up until that date. (ECF No. 15). This Court granted that motion on August 15, 2012 in the amount of $6,344.55. (ECF No. 16). On April 19, 2013, the ALJ issued a decision favorable to Plaintiff, finding she was disabled as of April 1, 2004. (Pl.'s Br. in Supp. at 1, ECF No. 17). On June 20, 2013, the Commissioner issued a Notice of Award to Plaintiff indicating that the fee agreement between Plaintiff and counsel was no longer approved ("First Notice of Award"). (Pl's Reply at 3-5, ECF No. 19). The Commissioner then issued a subsequent Notice of Award, dated August 20, 2013, stating that it had withheld the sum of $17,974.50, representing 25% of the past due benefits for Plaintiff for direct payment of attorney's fees by the Social Security Administration ("Second Notice of Award"). (Pl.'s Br. in Supp. at 6-11). Plaintiff filed the instant motion on July 12, 2014 seeking these additional attorney's fees under § 406(b) in the same amount of $17,974.50. (ECF No. 17). Defendant opposes this motion as untimely. (Def's Br. in Opp. at 1, ECF No. 18) (citing Walker v. Astrue, 593 F.3d 274, 280 (3d Cir. 2010).

## II. LEGAL STANDARD

The provision of the Social Security Act providing for attorney fees reads in relevant part:

> Whenever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A) ("Section 406(b)"). Section 406(b) does not contain any explicit time

2

limit for requesting fees. However, Defendant argues, the Third Circuit has held that it is appropriate for counsel seeking fees under Section 406(b) to do so pursuant to Federal Rule of Civil Procedure 54(d)(2). Walker v. Astrue, 593 F.3d 274, 280 (3d Cir. 2010). Rule 54(d)(2) provides that a motion for attorney fees must "be filed no later than 14 days after the entry of judgment," unless otherwise provided by court order or statute. Fed. R. Civ. P. 54(d)(2)(B)(i). The Walker court held that the application of the filing deadline is tolled until (1) notice of award is issued by the Commissioner and (2) counsel is notified of that award. Walker, 593 F.3d at 280. The Walker court additionally made it clear that its holding did "not alter the authority of the district court to expand that filing deadline at the request of the parties." Id. (citing Fed. R. Civ. P. 54(d)(2)(B)).

### III.  DISCUSSION

The Court first notes that there does not appear to be a dispute regarding the amount of the requested fee. Plaintiff states that the amount sought, $17,974.50, is equivalent to twenty-five percent (25%) of the past due benefits awarded by the ALJ. See 42 U.S.C. § 406(b)(1)(A) (authorizing the court to award up to twenty-five percent (25%) to the attorney for reasonable fees). The parties also do not dispute that Plaintiff filed the instant motion more than ten (10) months after the Commissioner issued the Second Notice of Award. The Defendant offers no additional arguments as to why Plaintiff is not entitled to attorney's fees. Therefore, the only issue before this Court is whether the untimely filing of the instant motion should preclude Plaintiff from receiving the attorney's fees.

Plaintiff appears to respond to the Defendant's opposition by arguing that she did not have actual notice of the Second Notice of Award until "many months" after the August 20, 2013 date printed on the document. (Pl's Reply at 2). Plaintiff does not allege the specific date she received

the Notice of Award. Nor does she argue that, due to this alleged delay, the 14-day filing requirement in Rule 54(d)(2) was equitably tolled until she had actual notice. See Walker, 593 F.3d at 280 (holding that the filing deadline is equitably tolled when counsel is not aware of the Notice of Award). Without a factual basis to determine what date Plaintiff received the Second Notice of the Award, this Court cannot conclude for how long, if at all, the 14-day filing requirement was tolled under Rule 54(d)(2).

However, even if equitable tolling does not apply, this Court has the discretion to "expand the filing deadline[ ]" by "order of the court." Walker, 593 F.3d at 280 (citing Rule 54(d)(2)). Plaintiff makes the following arguments as to why the instant motion was filed late: First, Plaintiff alleges there was tremendous uncertainty as to whether a motion under 406(b) was necessary. (Pl's Reply at 1). The Commissioner first sent the First Notice of Award on June 20, 2013 stating the Plaintiff's fee agreement with counsel was no longer approved. Plaintiff alleges that only after "numerous phone calls" to the Commissioner was the August 20, 2013 Notice of Award issued. Second, Plaintiff also points out that the August 20, 2013 Notice of Award does not contain the petitioner's name nor does it indicate that a copy was sent to Plaintiff's counsel. (Pl.'s Reply at 2). The implication of this omission is that it is unclear whether the August 20, 2013 Notice of Award was actually sent to the Plaintiff's attorney. Id. Defendant does not refute these assertions. For these reasons, this Court finds that Plaintiff has shown good and sufficient cause as to why the instant motion was filed more than ten (10) months after the date shown on the Notice of Award. As such, the Court finds that an award of attorney's fees is appropriate.

### IV.   CONCLUSION

Rule 54(d)(2) gives a district court the discretion to extend the filing deadline for a Motion for Attorney Fees. This Court finds that Plaintiff has shown just cause as to why the instant motion

4

was filed after the 14-day period allotted under Rule 54(d)(2). Defendant has not made any additional arguments why Plaintiff is not entitled to reasonable attorney's fees. Therefore, Plaintiff's Motion for Attorney's Fees in the amount of $17,974.50 is granted.

Accordingly, **IT IS** on this 18 day of March, 2015

**ORDERED** that, for the reasons set forth above, Plaintiff's application for attorneys' fees (Docket Entry No. 17) is **granted.**

**SO ORDERED.**

                                           *s/ Claire C. Cecchi*
                                           **HON. CLAIRE C. CECCHI**
                                           **United States District Judge**